UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

EXPORT DEVELOPMENT CANADA,

    Plaintiff,

-against-

NORTH AMERICAN WOODWORK CORP.,

    Defendant.

---

03-Civ-_____

**COMPLAINT**

    Plaintiff Export Development Canada ("EDC"), as and for its Complaint against Defendant North American Woodwork Corp. ("NAWC"), alleges as follows:

### Jurisdiction and Venue

    1.    This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2). EDC is a citizen of Canada and Defendant is a citizen of the State of Massachusetts. The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

    2.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because Defendant maintains its principal place of business in Massachusetts.

### Introduction

    3.    This action concerns Defendant's failure and refusal to fulfill its obligations under the terms of a sales agreement with Plaintiff's policyholder to provide payment for custom-made furniture and related materials that it accepted and received.

## The Parties

4.   EDC is a corporation established by an Act of the Parliament of Canada that maintains its principal place of business at 151 O'Connor Street, Ottawa, Ontario, Canada K1A 1K3. EDC is engaged in promoting trade between Canadian exporters and companies in the United States and throughout the world. In this regard, EDC issues insurance policies in favor of Canadian exporters insuring, *inter alia*, the risk of non-payment of monies owed to the exporters pursuant to their various commercial interests.

5.   Defendant NAWC is, upon information and belief, a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 3163 Mystic Valley Parkway, Medford, MA, 02155. NAWC was formerly known as Patella Woodworking Corp.—New England and as Patella Woodworking Corp. Upon information and belief, at all times relevant herein, NAWC sold and installed furniture of the type manufactured by EDC's insured, Ebenesterie Nemus ("Nemus").

6.   Nemus is a corporation organized under the laws of Quebec, Canada, and is a supplier of furniture.

7.   EDC issued an export credits insurance policy in favor of Nemus, which policy insured, *inter alia*, the risk of non-payment of certain monies owing to Nemus pursuant to Nemus's contract with NAWC (the "Policy").

8.   On or about March 28, 2003, EDC and Nemus entered into an Assignment Agreement, pursuant to which Nemus assigned to EDC, *inter alia*, the absolute right to seek payment of and to sue on the debt owed to Nemus by NAWC (the "Assignment Agreement").

## The Agreement

9. On or about February 13, 2002, NAWC and Nemus entered into an agreement (the "Agreement") pursuant to which Nemus agreed to sell, and NAWC agreed to purchase certain custom-made furniture and related materials manufactured to NAWC's specifications ("Furniture"). The Agreement provided that NAWC would pay Nemus a total price of One Hundred Ninety Three Thousand Six Hundred Sixteen Canadian Dollars (Cdn. $193,616.33).

10. The Agreement provided that Nemus would manufacture and deliver the Furniture to NAWC in accordance with NAWC's specifications.

11. NAWC submitted several purchase orders to Nemus for the Furniture (the "Purchase Orders").

12. Thereafter, between January and December of 2002, Nemus fulfilled its obligations under the Agreement by, among other things, manufacturing and delivering Furniture in accordance with NAWC's specifications.

13. NAWC accepted the Furniture without rejection.

14. NAWC breached the Agreement by, among other things, refusing to pay Nemus for the Furniture.

## As and For A First Claim for Relief

### (Breach of Contract)

15. Plaintiff EDC repeats and realleges the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. NAWC entered into an Agreement with Nemus pursuant to which it agreed, among other things, to purchase Furniture.

17. Nemus performed its obligations under the Agreement by, among other things, manufacturing and delivering Furniture to NAWC.

18. NAWC breached the Agreement by, among other things, refusing to make payment in the agreed upon price despite due demand for payment.

19. As a direct and proximate result of NAWC's breach, EDC has been damaged in an amount to be determined at trial, but in no event less than Cdn. $131,551.11, plus all applicable interest.

## As and For A Second Claim for Relief

### (Goods Sold and Delivered)

20. Plaintiff EDC repeats and realleges the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. Between January and December of 2002, Nemus manufactured and delivered goods to NAWC at NAWC's request which totaled Cdn. $193,616.33.

22. NAWC accepted the goods manufactured and delivered by Nemus and agreed to pay Nemus for goods received.

23. Nemus had a reasonable expectation of receiving payment for these goods.

24. NAWC owes and has failed to pay Nemus the balance of at least Cdn. $131,551.11 of the agreed price and reasonable value of the goods manufactured despite due demand for payment, and NAWC is therefore indebted to Nemus in that amount.

25. EDC has suffered damage in the amount of Cdn. $131,511.11 as a direct and proximate cause of NAWC's acts and refusal to pay for the goods.

26. By reason of the foregoing, EDC is entitled to recover the agreed price and reasonable value of the goods received by NAWC in the amount of at least Cdn. $131,551.11, plus all applicable interest.

## As and For A Third Claim for Relief

### (Account Stated)

27. Plaintiff EDC repeats and realleges the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

28. Nemus regularly rendered a statement of account due and owing to Nemus totaling at least Cdn. $131,551.11.

29. NAWC accepted the invoice without protest or objection, thereby acknowledging its obligation to pay the invoice, but failed and refused to make payment.

30. NAWC thereby became indebted to Nemus on an account stated in the amount of Cdn. $131,551.11.

31. By reason of the foregoing, EDC is entitled to payment from NAWC in the amount of Cdn. $131,551.11 plus all applicable interest.

**WHEREFORE**, Plaintiff EDC demands judgment against Defendant NAWC as follows:

a. On its First Claim for Relief, awarding Plaintiff EDC monetary damages in the amount of at least One Hundred Thirty One Thousand Five Hundred Fifty One Dollars and Eleven Cents (Cdn. $131,551.11), and incidental damages, plus interest and costs;

b. On its Second Claim for Relief, awarding Plaintiff EDC monetary damages in the amount of at least One Hundred Thirty One Thousand Five Hundred Fifty One Dollars and Eleven Cents (Cdn. $131,551.11) and incidental damages, plus interest and costs;

c. On its Third Claim for Relief, awarding Plaintiff EDC monetary damages in the amount of at least One Hundred Thirty One Thousand Five Hundred Fifty One Dollars and Eleven Cents (Cdn. $131,551.11), plus interest; and

      d.    Awarding Plaintiff EDC the costs of this action, together with such other and further relief as this Court deems just and proper.

Dated: December 22, 2003

Respectfully submitted for
Export Development Canada
By its Attorneys,

By: *Edward A. Broderick*
Edward A. Broderick, BBO # 566826
Shlansky & Broderick, LLP
1011 Beacon Street
Brookline, MA 02446
(617) 738-7080

Of Counsel:
Alison J. Besunder (Mass. BBO No. 639987)
ARENT FOX KINTNER PLOTKIN & KAHN, PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900