UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Case #03CV12587 RCL

EXPORT DEVELOPMENT CANADA, )
    Plaintiff )
)
vs. )
)
NORTH AMERICAN WOODWORK CORP. )
    Defendant )

## ANSWER OF DEFENDANT WITHOUT WAIVING MOTION TO DISMISS

Without waiving any motion to dismiss which may subsequently be determined to properly lie in this action, defendant responds to the numbered allegations of plaintiff's complaint as follows:

1. Denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Denied.

4. Denied, and defendant further calls upon plaintiff to state with specificity the basis upon which it asserts that it has the capacity to maintain this action against the defendant.

5. Admitted.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

LAW OFFICES OF
LATHAM, LATHAM
& LAMOND, P.C.
643 Main St
READING, MA 01867-3000
(781) 944-0505

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. The document speaks for itself; otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. The document speaks for itself; otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Defendant repeats and reavers its responses to the allegations of paragraphs 1 through 14 as re-alleged in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. Defendant repeats and reavers its responses to the allegations of paragraphs 1 through 19 as re-alleged in paragraph 20.

21. Denied.

22. Denied.

23. Denied.

LAW OFFICES OF
LATHAM, LATHAM
& LAMOND, P.C.
643 MAIN ST.
READING, MA 01867-3000
(781) 944-0505

24. Denied.

25. Denied.

26. Denied.

27. Defendant repeats and reavers its responses to the allegations of paragraphs 1 through 26 as re-alleged in paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

And further answering, defendant states that the plaintiff lacks the capacity to maintain this action pursuant to F.R.C.P. 17(b).

Second Affirmative Defense

And further answering, defendant states that the plaintiff's complaint fails to name the real party in interest pursuant to F.R.C.P. 17(a).

Third Affirmative Defense

And further answering, defendant states that the plaintiff failed to submit this dispute to arbitration prior to filing this action.

Fourth Affirmative Defense

And further answering, defendant states that the goods so delivered by plaintiff were deficient, substandard, lacking in merchantable and/or marketable quality, and/or in substantial violation of the requirements of the subject contract.

LAW OFFICES OF
LATHAM, LATHAM
& LAMOND, P.C.
643 Main St.
Reading, MA 01867-3096
(781) 944-0505

Fifth Affirmative Defense

And further answering, defendant states that the complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIM

1. The defendant/plaintiff-in-counterclaim NAWC entered into a contract with the assignee of the named plaintiff in this action whereby said "Ebenesterie Nemus" (hereinafter referred to as "Nemus") agreed to manufacture and deliver to "the job site" (i.e., known commonly as "MIT Dreyfus Phase 2b") certain goods pursuant to a series of purchase orders, including particularly but without limitation NAWC Purchase Order #2966, dated on or about February 13, 2002.

2. Nemus repeatedly failed to so manufacture and deliver goods without deficiencies and/or of merchantable quality.

3. Nemus likewise in violation of its contract[s] with NAWC on repeated occasions assigned or subcontracted certain of Nemus's contractual duties to other parties, without NAWC's written approval.

4. As a result, NAWC sustained damages, and has in effect overpaid Nemus in the amount of at least $15,545.00.

   WHEREFORE, plaintiff-in-counterclaim NAWC demands judgment, interest, costs and attorneys' fees, all as may be provided by law.

By its attorney,

John T. Lamond
BBO #284040
Latham, Latham & Lamond, P.C.
643 Main Street
Reading, MA 01867
Tel. (781) 944-0505

LAW OFFICES OF
LATHAM, LATHAM
& LAMOND, P.C.
643 MAIN ST.
READING, MA 01867-3090
(781) 944-0505