# THE LAW OFFICE OF EDWARD A. BRODERICK

1011 Beacon Street
Brookline, MA 02446
Tel: (617) 738-7080
Fax: (617) 738-5003
Email: tedbroderick@sbcounsel.com

July 1, 2005

**By First Class Mail**

The Honorable Reginald C. Lindsay
U.S. Courthouse, Suite 5130
1 Courthouse Way
Boston, MA 02210

Re:   Export Development Canada v. North American Woodwork Corp., USDC for the
      District of Massachusetts, Civil Action No. 03CV12587-RCL

Dear Judge Lindsay:

I am writing to apologize to the Court for the failure of counsel to appear for a
Pretrial Conference with the Court on June 27, 2005 in the above-referenced action. Both
undersigned counsel for the plaintiff and John Lamond, counsel for defendant North
American Woodwork Corp., sincerely apologize to the Court for this error. I am writing
to offer an explanation, which is certainly not an excuse for our failure to communicate in
advance with the Court.

An earlier pretrial set had been set in this matter for May 26, 2005, but it was
continued by the Court in response to a Joint Motion by the Parties when defense counsel
discovered shortly before the scheduled Pretrial Conference that defendant North
American Woodwork Corp. filed papers with the Massachusetts Secretary of State
seeking a voluntary corporate dissolution on April 11, 2005. In light of this unexpected
development, counsel sought and received an additional month to determine how to
proceed with this action, with the pretrial conference being rescheduled for June 27,
2005.

On June 15, 2005, defense counsel was informed that an involuntary bankruptcy
petition had been brought as to defendant North American Woodwork Corp. in the
United States Bankruptcy Court for the District of Massachusetts, docket number 05-
13100-JNF. Defense counsel informed Plaintiff's counsel of the bankruptcy that same
day, and reported that he would file a suggestion of bankruptcy with this Court in
advance of the Pretrial Conference set for June 27, 2005. Subsequent to that

The Honorable Reginald C. Lindsay

Re:    Export Development Canada v. North American Woodwork Corp., USDC for the
       District of Massachusetts, Civil Action No. 03CV12587-RCL
July 1, 2005
Page 2


conversation, defense counsel was unable to reach his client in this matter to get explicit
instruction to that effect, and consequently, through an oversight, the suggestion of
bankruptcy was never filed.

       Both counsel for Plaintiff and Defendant regret the waste of the Court's time.
Because the Court's dismissal of this action pursuant to Local Rule 41.1 does not act as a
dismissal on the merits, the parties have agreed not seek reinstatement of this action as
the pending bankruptcy action may well resolve this matter.

                                             Sincerely yours,

                                             Edward A. Broderick

                                             Edward A. Broderick


cc:    John T. Lamond, Esq.